IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON BADILLO, *executor of* the Estate of Samuel Badillo, )<br>)<br>) | |
| Plaintiff, ) | Civil Action No. 22-996 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| GUARDIAN ELDERCARE AT NANTICOKE, LLC, *et al.*, )<br>) | |
| ) | |
| Defendants. ) | |

**ORDER**

As reflected in the parties' Joint Status Report (Doc. 113), the scope of potential recovery in this case has significantly narrowed.  Most of the challenges in Guardian's MTD (Doc. 82) are moot – the one exception being whether the Estate may recover money damages under Section 504 and/or the ACA.  Doc. 113; *see* Doc. 83 at 5-6; Doc. 93 at 22-26.  The Second Amended Complaint seeks compensatory damages under both statutes.  Doc. 81 at ¶¶ 56, 68-70.  Plaintiff concedes that damages for emotional distress are unavailable, but compensatory damages may be broader.  Under the notice pleading standards, Plaintiff is not required to parse them.  Guardian's MTD (**Doc. 82**) is **DENIED** regarding damages, and otherwise is **DENIED AS MOOT**, subject to Plaintiff's concessions.

Plaintiff and the Century Defendants may proceed as proposed, and the deadline for a voluntary dismissal is **June 12, 2025**.  Doc. 113 at ¶¶ 8, 9(ii).  Because Rule 41(a) contemplates the dismissal of an entire "action," as opposed to less than all claims between all parties, the best way to remove Century is for Plaintiff to file an amended complaint.  This is particularly true given Plaintiff's recent concessions, which nullify swaths of the operative Complaint.

Although Plaintiff owes no independent duty of amendment, a removal of the claims against Century will present an opportunity for Plaintiff to pare down his averments to reflect the current state of the case.

Should the parties' conferral not result in an agreed dismissal, a different path is required. Century's pending MTD (Doc. 102) could not anticipate, and does not address, Sam Badillo's passing. Although Century likely would assert that dismissal remains warranted on the arguments previously advanced, the existing Motion is, in a significant sense, incomplete. The Motion (**Doc. 102**), therefore, is **DENIED WITHOUT PREJUDICE**, and Century may renew its filing by **June 27, 2025**. *Cf.* Doc. 113 at ⁋ 9(iii).

Counsel are reminded of the Order at Doc. 3, which contemplates an award of attorney's fees against a party whose failure of good-faith conferral results in unnecessary motions practice. *See id.* It is hard to imagine why Plaintiff, by now, has not definitively agreed to remove Century in light of the recent concessions. Counsel have left the door open, however, and the Court presently is not in a position to close it.

There appearing no basis for continuing to stay the case, the **stay is LIFTED** and the **case is REOPENED**. The path forward will be dictated by the Federal Rule(s) implicated by the parties' filing(s). To the extent the Court believes that clarification is warranted, it will enter an appropriate order.

IT IS SO ORDERED.

May 22, 2025                                                 s/Cathy Bissoon
                                                                                 Cathy Bissoon
                                                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record